UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

---------------------------------------------------------x
RODNEY REID,

                  Petitioner,

    -against-

THE UNITED STATES OF AMERICA,

                  Respondent.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**

13-CV-5308 (ARR)

ROSS, United States District Judge:

On September 20, 2013, petitioner Rodney Reid, who is in custody at the United States Penitentiary in Canaan, Pennsylvania, filed a "Motion Under Federal Rule Appellate Procedure (4) 'Excusable Neglect' to Restore the Right to File a First § 2255 as Non-time Bar." See 13-CV-5308 (ARR), Dkt. #1. The motion asserts that equitable tolling of the one-year time bar to file a § 2255 petition is warranted based on "extraordinary circumstances" and "excusable neglect," specifically, "having ineffective assistance of appeal attorney, and not being in the federal system, with daily federal law available." Id. at ECF 3. No prior motion for habeas corpus pursuant to 28 U.S.C. § 2255 was filed or attached. The Court docketed the September 20, 2013 motion as a petition pursuant to § 2255. However, by letter dated October 28, 2013, Mr. Reid indicated that he did not intend that his motion be construed as a § 2255 petition, and renewed his request for an "'excusable neglect' motion." On November 13, 2013, the Pro Se Office sent Mr. Reid a letter indicating that he could either withdraw the petition or file an amended habeas corpus petition under the existing docket number. As of this date, no further communication has been received from Mr. Reid.

Mr. Reid is correct that the habeas statute provides that a prisoner can make only one

motion for habeas relief, without seeking certification by the Court of Appeals, and that motion must be filed within a one-year limitation period. 28 U.S.C. § 2255(f) and (h). In most cases, the limitation period runs from the date on which the judgment of conviction became final by the conclusion of direct review or by the expiration of the time for seeking such review. 28 U.S.C. § 2255(f)(1). However, in certain limited situations, petitioners may be entitled to equitable tolling of the statutory deadline. Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003) ("[A]n attorney's conduct, if it is sufficiently egregious, may constitute the sort of 'extraordinary circumstances' that would justify the application of equitable tolling to the one-year limitations period.").

From his papers, it appears that Mr. Reid believes that the statute of limitations has expired. He alleges that he asked his federal attorney to file a § 2255 petition on his behalf and reminded him every month to do so. Dkt. #1 at ECF 2. "The attorney 'never' filed the Writ of Habeas Corpus during the one year time frame. Which caused Petitioner to lose his § 2255 right, due to ineffective assistance[] of counsel." Id. at ECF 3.

Mr. Reid is entitled to file a first motion for habeas relief, without seeking certification by the Court of Appeals. He does not need this Court's permission to file a "first § 2255." Accordingly, the Court reminds Mr. Reid that if he wishes to challenge his conviction or sentence, he must file a petition for a writ of habeas corpus pursuant to § 2255. Should he file such a petition, the Court can then determine whether the petition is timely or whether he is entitled to equitable tolling of the statute of limitations.

Mr. Reid is reminded that a § 2255 petition is subject to significant gate-keeping requirements, including proper exhaustion of claims, time limitations, and restrictions on filing

second or successive petitions. The petition must clearly set out each of the grounds upon which he seeks relief from his conviction or sentence and any supporting facts. He must set forth the dates of his conviction and subsequent proceedings and any grounds for tolling the statute of limitations.

If Mr. Reid does not file a petition under this docket number within 30 days, the motion will be dismissed without prejudice to refiling a petition at a later time, and this case will be closed.

No response shall be required from respondent United States of America at this time. The Clerk of Court shall mail a § 2255 petition form to Mr. Reid.

SO ORDERED.

/S/ Judge Allyne R. Ross
ALLYNE R. ROSS
United States District Judge

Dated: February 14, 2014
Brooklyn, New York

**Service List:**

Petitioner:
Rodney Reid
73546053
P.O. Box 300 USP- Canaan Unit C-1
USP Canaan
3057 Easton Turnpike
Waymart, PA 18472