UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
:
RODNEY REID,                                                     :  13-CV-5308 (ARR)
                                                                 :
                                Petitioner,                      :  Related to:
                                                                 :  05-CR-596 (ARR)
            -against-                                            :
                                                                 :  NOT FOR ELECTRONIC
UNITED STATES OF AMERICA,                                        :  OR PRINT PUBLICATION
                                                                 :
                                Respondent.                      :  OPINION AND ORDER
                                                                 :
---------------------------------------------------------------- X

ROSS, United States District Judge:

Rodney Reid, proceeding pro se, brings this petition under 28 U.S.C. § 2255. He argues that his sentence on five firearms convictions should be vacated under Alleyne v. United States, 133 S. Ct. 2151 (2013). For the reasons set forth below, I find that Reid's petition is time-barred and, in any event, would not succeed on the merits. Accordingly, the petition is denied.

## BACKGROUND

On July 27, 2006, a jury convicted Reid of a Hobbs Act robbery conspiracy and five substantive counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and five counts of possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). See United States v. Reid, 05-CR-596 (ARR). On January 11, 2008, this court sentenced Reid to 150 months' imprisonment on the robbery convictions and a consecutive term of 107 years' imprisonment on the firearms convictions. In imposing the sentence on the firearms counts, the court found that defendant had "brandished" a firearm, triggering a statutory mandatory minimum sentence of seven years. 18 U.S.C. § 924(c)(1)(A)(ii). The court also found that four of

1

Reid's five firearms convictions were "second or subsequent conviction[s]" under the statute, triggering a mandatory minimum sentence of twenty-five years on each of those four counts. 18 U.S.C. § 924(c)(1)(C)(i).

Reid appealed his conviction and sentence to the Second Circuit Court of Appeals. On direct appeal, Reid contended that: (1) his warrantless arrest and the police's subsequent search of his hotel room were unconstitutional; (2) the court improperly limited his cross-examination of the government's cooperating witnesses; (3) the government failed to meet its obligations to disclose evidence; (4) the court should have given the jury a multiple-conspiracy charge; (5) the court should have granted a new trial or hearing based on newly discovered evidence; and (6) his sentence violated the proportionality principle of the Eighth Amendment and the equal protection principle of the Fifth Amendment. The Second Circuit rejected all of these arguments and affirmed Reid's conviction and sentence by summary order on November 12, 2008. United States v. Reid, 300 F. App'x 50 (2d Cir. 2008). The Supreme Court denied Reid's petition for certiorari on May 18, 2009. Reid v. United States, 129 S. Ct. 2382 (2009).

On September 20, 2013, Reid filed a motion with this court entitled "Motion Under Federal Rule Appellate Procedure (4) 'Excusable Neglect' To Restore the Right To File a First § 2255 As Non-Time Bar, Due to Ineffective Assistance of Counsel." Dkt. #1. In this motion, he argued that the statute of limitations for filing a § 2255 petition should be equitably tolled in his case due to ineffective assistance of counsel. Id. at 3. The court docketed the September 20, 2013 filing as a § 2255 petition. In a letter received on October 30, 2013, Reid stated that he did not intend that his motion be construed as a § 2255 petition and instead sought to "restore" his right to file a § 2255 petition based on "excusable neglect." Dkt. #2. On November 13, 2013, the court's Pro Se Office sent Reid a letter indicating that he could either withdraw the petition or

2

file an amended petition under the existing docket number. Having received no further communication from Reid, the court issued an order dated February 14, 2014, stating that Reid was entitled to file a petition for habeas relief without seeking the court's permission. Dkt. #3. The order stated that, should Reid file such a petition, the court would then determine whether the petition was timely and address whether Reid is entitled to equitable tolling of the statute of limitations. Id.

Reid filed a § 2255 petition on March 3, 2014. Pet., Dkt. #5. In his petition, he asserts that the Supreme Court's decision in Alleyne applies retroactively to his case. In Alleyne, the Supreme Court held that a factor that increases the mandatory minimum sentence for a crime must be found by the jury beyond a reasonable doubt. 133 S. Ct. at 2155. Reid argues that his sentence on the firearms convictions violates Alleyne because the facts underlying the sentencing enhancements were not found by a jury beyond a reasonable doubt. Pet. 6. He also argues that his trial and appellate counsel were ineffective by failing to object to this "illegal" sentence. Id. In an exhibit to his petition, Reid argues that his petition should not be considered time-barred because his sentence and convictions were "jurisdictionally defective" and because he is actually innocent. Id., Ex. 1. He seeks re-sentencing on the firearms counts.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1998 ("AEDPA"), a federal habeas petition is subject to a one-year statute of limitations, which, in relevant part, runs from "the latest of":

> (1) the date on which the judgment of conviction becomes final;
> [or] . . . .

3

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2255(f).

Reid argues that his petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in Alleyne, which was handed down on June 17, 2013, and which he asserts should apply retroactively to his case. Pet.'s Br. of Law for a Habeas Corpus Writ ("Pet.'s Br."), Dkt. #5, Ex. 2, at 1-7. However, contrary to Reid's assertions, Alleyne does not satisfy the requirements to extend the statute of limitations period. The Second Circuit has joined other circuits in holding that "Alleyne did not announce a new rule of law made retroactive on collateral review." United States v. Redd, 735 F.3d 88, 92 (2d Cir. 2013) (per curiam); accord United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); In re Payne, 733 F.3d 1027, 1029-30 (10th Cir. 2013). Therefore, Reid cannot rely on the date of the Supreme Court's decision in Alleyne in order to establish the timeliness of his petition.

Instead, the relevant provision of the statute of limitations is 28 U.S.C. § 2255(f)(1), which looks to the date on which Reid's judgment of conviction became final. "[A] prisoner's conviction becomes final . . . when the United States Supreme Court denies the prisoner's petition for a writ of certiorari." Green v. United States, 260 F.3d 78, 84 (2d Cir. 2001); accord Clay v. United States, 537 U.S. 522, 527 (2003). The Supreme Court denied Reid's petition for certiorari on May 18, 2009. The earliest possible date on which Reid might be considered to have filed his § 2255 petition is September 20, 2013, well over four years later, when he filed his motion to "restore" his right to file a petition due to "excusable neglect." In the absence of

4

circumstances warranting tolling or some other exception to the one-year limitations period, the petition must be dismissed as untimely.

I.  **Actual Innocence**

Reid first argues that the statute of limitations should not bar his petition because he is actually innocent of the crimes of which he was convicted. A showing of "actual innocence" may open a "gateway" to consideration of an otherwise time-barred habeas petition. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); Rivas v. Fischer, 687 F.3d 514, 548 (2d Cir. 2012). McQuiggin and Rivas both addressed habeas petitions filed by state prisoners under 28 U.S.C. § 2241, which has a nearly identical statute of limitations, so the court assumes that the actual innocence exception would also be available to a § 2255 petitioner. Cf. Bousley v. United States, 523 U.S. 614, 623 (1998) (holding that a § 2255 petitioner who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in his habeas petition if he can first demonstrate that he is "actually innocent").

However, the petitioner bears the burden of satisfying the "demanding" standard for an actual innocence claim. House v. Bell, 547 U.S. 518, 538 (2006). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 133 S. Ct. at 1936 (quoting Schlup v. Delo, 513 U.S. 298, 316 (1995)). A petitioner's claim of actual innocence "must be both 'credible' and 'compelling.'" Rivas, 687 F.3d at 541 (quoting House, 547 U.S. at 521, 538). "For the claim to be 'credible,' it must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not

presented at trial." Id. (internal quotation marks and citation omitted). "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt.'" Id. (quoting House, 547 U.S. at 538).

Reid has not come close to meeting this stringent standard. He does not make any argument that he is actually innocent of the robbery or firearms offenses. Instead, his actual innocence argument is merely a restatement of his underlying Alleyne claim. He argues that his convictions and sentence were jurisdictionally defective because "the court didn't have the constitutional or statutory power to do what it did." Pet., Ex. 1, at 2. Specifically, he asserts that the indictment charged him with, and the jury convicted him of, five separate counts of being a first-time firearms offender. Therefore, he argues that he is "actually innocent" of being a subsequent offender because this fact, which was used to enhance his sentence, was not charged in the indictment or found by the jury. Id. at 4. This argument relates only to his eligibility for the enhanced sentence, not to his commission of the underlying firearms offenses. As the government sets out in its brief in opposition to the petition, there was ample evidence at trial that Reid participated in multiple armed robberies. Gov't Brief in Opp'n to Pet. ("Opp'n"), Dkt. #9, at 6-7. Since Reid has presented no new evidence whatsoever to suggest that he is actually innocent of the Hobbs Act robberies and corresponding firearms offenses, he cannot use actual innocence as a gateway to circumvent AEDPA's statute of limitations.

## II. Equitable Tolling

In Reid's initial filing in this case, he argued that his case presented "'extraordinary circumstances warranting equitable tolling" of the one-year statute of limitations. Dkt. #1. In

6

Reid's subsequent § 2255 petition, he stated that his argument regarding timeliness based on actual innocence "overrule[d]" his prior "excusable neglect" motion. Pet., Ex. 1, at 1. Out of an abundance of caution, however, the court will address the arguments for equitable tolling that Reid raised in his earlier filing.

Only "rare and exceptional circumstances warrant equitably tolling the limitations period" for a § 2255 petition. Green, 260 F.3d at 82-83 (internal quotation marks omitted). A habeas petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

In his "excusable neglect" motion, Reid argues that the statute of limitations should be equitably tolled because Nicolas Bourtin, the attorney who represented him at trial, failed to file a § 2255 petition on his behalf. Reid asserts that, after he lost at trial and received his sentence, he was sent to the New York state prison system to serve a state sentence from December 2007 until January 2013. Dkt. #1 at 2-3. He states that he did not have access to federal legal research materials in the state prison and "depend[ed] on his federal lawyer to aid him, and protect his one year right to file a first § 2255." Id. He asserts that he "wrote and called his federal lawyer from the New York state prison system every month, to remind him to file the § 2255" petition within a year, but the attorney "ignored" his request. Id. at 2-3. As exhibits, he attaches a list of eleven state prisons and county jails from which he asserts that he called and wrote to his federal attorney. Id. at 4-6. He also attaches four letters addressed to Bourtin, dated January 19, 2008, April 6, 2008, May 26, 2008, and July 6, 2008, inquiring about the status of his § 2255 petition. Id. at 7-10. Reid argues that the statute of limitations should be equitably tolled "due to

'excusable neglect' by having ineffective assistance of appeal attorney, and not being in the federal system, with daily federal law available." Id. at 3.

Reid has not alleged the "rare and exceptional circumstances" that could support an argument for equitable tolling. Although a district court has discretion to appoint counsel for a financially eligible habeas petitioner when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), a prisoner has no constitutional right to counsel on a § 2255 petition. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); United States v. Haouari, No. 00 Cr. 15(JFK), 2013 WL 4565298, at *1 (S.D.N.Y. Aug. 28, 2013); Curry v. People, No. 04CV1263(SLT), 2005 WL 486845, at *5 (E.D.N.Y. Jan. 4, 2005). Bourtin represented Reid at trial and on direct appeal, but Reid had no constitutional right to Bourtin's assistance with his § 2255 petition. While Reid asserts that he asked Bourtin to file a § 2255 petition multiple times, Reid has not even suggested, let alone cited any evidence, that Bourtin ever agreed to do it. Compare Baldayaque v. United States, 338 F.3d 145, 148-49 (2d Cir. 2003) (finding extraordinary circumstances where attorney met with petitioner, accepted payment, was directed to file a § 2255 petition, and failed to do so).

Even if Reid could somehow show that Bourtin agreed to file the petition and then failed to do so, Reid could not invoke equitable tolling because he has not demonstrated that he pursued his rights diligently. "Even where the extraordinary circumstances on which the petitioner rests his claim involve attorney incompetence, the petitioner must still demonstrate that he himself made reasonably diligent attempts to ensure that his petition was filed on time." Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004). According to Reid's own exhibits, he sent his

last letter to Bourtin on July 6, 2008, then waited over five years before filing his first motion in this proceeding. He cannot show that he acted with reasonable diligence during this period, especially since his own letters to Bourtin show that he was well aware of the one-year statute of limitations. Id. at 177 (finding petitioner did not act with reasonable diligence where he "did nothing even as it should have become evident that [his attorney] was not actually working on the [post-conviction] motion"); Villanueva v. United States, 346 F.3d 55, 63 (2d Cir. 2003) (rejecting claim for equitable tolling based on law clinic's delay in informing petitioner that it would not represent him because petitioner was aware of the deadline).

Nor could Reid invoke equitable tolling because he had to proceed with his petition pro se without access to federal legal materials. It is well settled that "pro se status does not in itself constitute an extraordinary circumstance meriting tolling." Menefee, 391 F.3d at 175; accord Jenkins v. Greene, 630 F.3d 298, 305 (2d Cir. 2010) (doctrine of equitable tolling does not "allow tolling whenever a petitioner must face the daunting procedural obstacles to obtaining habeas review without the assistance of counsel"); Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000). The Second Circuit "has not yet determined whether the deprivation of access to legal materials can constitute the extraordinary circumstances necessary to toll AEDPA's limitations period." Menefee, 391 F.3d at 178. However, district courts have frequently found this type of claim insufficient to support an argument for equitable tolling. See United States v. Delgado, No. S9 96 CR 126(JFK), 2003 WL 21219850, at *2 (S.D.N.Y. May 22, 2003) ("A lack of access to legal resources is not . . . considered an extraordinary circumstance."); Wilson v. Bennett, 188 F. Supp. 2d 347, 353 (S.D.N.Y. 2002) (petitioner's assertion that he had difficulty getting legal assistance from the law library did not warrant equitable tolling); Saldana v. Artuz, No. 99Civ.5089(DC), 2000 WL 1346855, at *2 (S.D.N.Y. Sept. 19, 2000) (claim of difficulty

accessing law books did not warrant equitable tolling because "[h]ardships associated with prison conditions do not constitute the rare circumstances under which equitable tolling is granted"). In this case, Reid's letter to Bourtin dated April 6, 2008 shows that he had identified the issue he wished to raise in his § 2255 petition: the fact that the gun counts were not "properly charged for the second (consecutive) '25 years' sentence." Dkt. #1 at 8. In a subsequent letter dated July 6, 2008, Reid told Bourtin that "if nothing else" Bourtin should file a "boilerplate" § 2255 petition, and then Reid would "[p]ro se supplement it." Id. at 10. Therefore, Reid's own exhibits show that he had access to sufficient legal materials to allow him at least to recognize his legal claim. There is no basis to conclude that any lack of access to federal legal research materials prevented him from filing a petition in a timely manner.

Accordingly, Reid has not satisfied the requirements to invoke equitable tolling of AEDPA's one-year statute of limitations. Since his conviction became final on May 18, 2009, and he did not make a filing regarding his § 2255 petition until September 20, 2013, well over four years later, his petition must be dismissed as untimely. It is therefore unnecessary to address the government's argument that Reid's claims are procedurally defaulted because he failed to raise them on direct appeal. Opp'n 4-7.

The court notes that even if Reid could somehow overcome AEDPA's statute of limitations and other procedural bars, he has not presented any claims that would succeed in vacating his sentence. For the reasons already stated, Alleyne does not apply retroactively to cases on collateral review. In any event, Reid's arguments for vacating his sentence under Alleyne are without merit. Petitioner claims that his sentence violated Alleyne because the issue of whether he brandished the firearm, which increased his mandatory minimum sentence from five years to seven years, was not put to the jury. Pet.'s Br. 9. Alleyne itself addressed this

particular sentencing enhancement and held that a jury must determine beyond a reasonable doubt whether a defendant brandished a gun. 133 S. Ct. at 2163-64. However, an enhanced sentence imposed in violation of <u>Alleyne</u> will still be upheld where the evidence that the defendant brandished the firearm was "overwhelming and essentially uncontroverted." <u>United States v. Santana</u>, 552 F. App'x 87, 93 (2d Cir. 2014) (quoting <u>United States v. Cotton</u>, 535 U.S. 625, 633 (2002)). Here, the court agrees with the government that the evidence at trial was overwhelming that Reid participated in a robbery in which his co-conspirators brandished firearms in order to intimidate the store employees into giving them money. Opp'n 12-14. Since it is clear beyond a reasonable doubt that any rational jury would have found that Reid brandished a firearm, any error under <u>Alleyne</u> would not warrant vacating his sentence.

Reid also argues that his sentencing enhancement as a second or subsequent offender violated <u>Alleyne</u> because the jury did not find that fact beyond a reasonable doubt. Pet.'s Br. 9-10. The sentencing enhancement for a "second or subsequent conviction" under 18 U.S.C. § 924(c)(1)(C)(i) can be imposed where a defendant is convicted of multiple § 924(c) violations in the same proceeding. <u>United States v. Robles</u>, 709 F.3d 98, 101 (2d Cir. 2013) (per curiam) (collecting cases). <u>Alleyne</u> does not require the facts underlying the "second or subsequent conviction" enhancement to be put to a jury. In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 239 (1998), the Supreme Court held that recidivism is not an "element of the offense" that must be proven to a jury beyond a reasonable doubt. <u>Alleyne</u> left this rule intact as a "narrow exception" to the general rule that facts triggering sentencing enhancements must be found by a jury beyond a reasonable doubt. <u>Alleyne</u>, 133 S. Ct. at 2160 n.1; see <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) ("<u>Other than the fact of a prior conviction</u>, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and

11

proved beyond a reasonable doubt.") (emphasis added); United States v. Del Rosario, 561 F. App'x 68, 69 (2d Cir. 2014) ("[U]nder controlling Supreme Court precedent, the fact of a prior felony conviction may be decided by a judge, not a jury, even if that fact increases the statutory minimum term of imprisonment to which the defendant is exposed."). Therefore, even after Alleyne, the court could impose the enhanced mandatory minimum sentences for Reid as a second or subsequent offender without submitting that fact to a jury.

Finally, Reid asserts an ineffective assistance of counsel claim that is predicated on his Alleyne claim. He asserts that his counsel at trial, sentencing, and appeal "failed to protect" Reid from the asserted Alleyne violation, resulting in his getting a sentence decades longer than it should have been. Pet.'s Br. 13-14. For the reasons already stated, however, Reid has not presented a viable Alleyne claim, so he cannot show prejudice from any asserted failure by counsel to raise these claims at his sentencing or on appeal.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied. Furthermore, because petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 29 U.S.C. § 2253(c)(3), no Certificate of Appealability will issue. Petitioner may seek such a certificate from the Second Circuit Court of Appeals. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/S/ Judge Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated: August 15, 2014
Brooklyn, New York

12

**Service List:**

Petitioner
Rodney Reid
# 73546-053
USP Canaan
U.S. Penitentiary
P.O. Box 300
Waymart, PA 18472